IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW TOTILO, individually and on behalf of himself and all others similarly situated,  :<br>Plaintiff  :<br>v.  :<br>STEVEN F. HERBERT and  :<br>JAMES P. GROSS,  :<br>Defendants.  : | Case No. 07-cv-10991-LAK |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
(LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE)**

**KING & SPALDING LLP**
Lisa Albert (LA-7264)
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone: 212-556-2100
Fax: 212-556-2222

and

**KING & SPALDING LLP**
Michael R. Smith *(admitted pro hac vice)*
Benjamin Lee *(admitted pro hac vice)*
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: 404-572-4600
Fax: 404-572-5100

*Attorneys for Defendants Steven F. Herbert and James P. Gross*

## **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. RELEVANT FACTUAL BACKGROUND ................................................................... 2

    A. The Parties and Relevant Non-Party Entities ........................................................ 2

    B. The Previously Filed Related Lawsuits ................................................................ 3

III. ARGUMENT AND CITATION OF AUTHORITIES ................................................... 3

    A. The Complaint Should Be Dismissed For Lack Of Personal Jurisdiction ............. 3

        1. Defendants were not "doing business" in New York under § 301 ................. 4

        2. Defendants are not subject to jurisdiction under the long-arm statute ........... 5

        3. Defendants are not subject to jurisdiction under an agency theory ............... 7

        4. Exercise of personal jurisdiction as to Defendants would not comport with federal standards of due process ................................................. 8

    B. This Case Should Be Dismissed For Improper Venue ........................................... 9

IV. CONCLUSION .............................................................................................................. 10

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Ball v. Metallurgie Hoboken-Overpelt, S.A.*,
   902 F.2d 194 (2d Cir. 1997)...........................................................................................3

*Bensusan Rest. Corp. v. King*,
   126 F.3d 25 (2d Cir. 1997)..............................................................................................5

*Ivy Mar Co. v. C.R. Seasons, Ltd.*,
   No. 95-CV-0508(FB), 1997 WL 37082 (E.D.N.Y. Jan. 24, 1997)..................................7

*Daniel v. Am. Bd. of Emergency Med.*,
   428 F.3d 408 (2d Cir. 2005)....................................................................................... 9-10

*Family Internet, Inc. v. Cybernex, Inc.*,
   No. 98 Civ. 0637(RWS), 1999 WL 796177 (S.D.N.Y. Oct. 6, 1999) .................... 3-5, 7

*Helicopteros Nacionales de Colombia S.A. v. Hall*,
   466 U.S. 408, 104 S. Ct. 1868 (1984)............................................................................8

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310, 66 S. Ct. 154 (1945)................................................................................8

*Jazini v. Nissan Motor Co.*,
   148 F.3d 181 (2d Cir. 1998)...........................................................................................3

*Kulko v. Superior Court*,
   436 U.S. 84, 98 S. Ct. 1690 (1978)................................................................................8

*Roth v. Jennings*,
   489 F.3d 499 (2d Cir. 2007)...........................................................................................3

**STATE CASES**

*Kreutter v. McFadden Oil Corp.*,
   522 N.E.2d 40, 71 N.Y.2d 460 (N.Y. 1988)...................................................................7

*Laufer v. Ostrow*,
   434 N.E.2d 692, 55 N.Y.2d 305 (N.Y. 1982) ............................................................ 4-5

**FEDERAL STATUTES**

28 U.S.C. § 1391(a) ...........................................................................................................1, 9

28 U.S.C. § 1391(a)(1).........................................................................................................9

28 U.S.C. § 1391(a)(2).........................................................................................................9

28 U.S.C. § 1404(a) ..........................................................................................................................1

28 U.S.C. § 1406(a) ..........................................................................................................................1

**STATE STATUTES**

N.Y.C.P.L.R. § 301................................................................................................................... 4-5

N.Y.C.P.L.R § 302(a) ............................................................................................................... 5-7

## I.     INTRODUCTION

Plaintiff has filed this lawsuit in a forum in which neither Defendant is subject to personal jurisdiction and which has little, if any, connection to the claims Plaintiff seeks to assert. The Defendants, the former CEO and current CFO of NetBank, Inc., a Georgia-based financial holding company incorporated under Georgia law, reside outside New York and have not purposefully availed themselves of this forum. The sole bases on which Plaintiff seeks to hale these individuals into Court in this State are (1) the naked allegation that Defendants "conducted" the business of NetBank, FSB ("NetBank"), a NetBank, Inc. subsidiary and internet-based federal savings bank, and (2) the unsupported assertion that Defendants approved allegedly false and misleading public statements issued on NetBank, Inc.'s behalf. Plaintiff's claims do not arise out of any alleged conduct in the forum by Defendants and Plaintiff's allegations fall far short of establishing grounds for the exercise of general jurisdiction over Defendants. Plaintiff's claims should be dismissed or transferred to a forum in which Defendants are subject to personal jurisdiction.

Furthermore, venue is improper in this Court under 28 U.S.C. § 1391(a). Defendants are not residents of New York and Plaintiff has not pled a *prima facie* showing that his claims arise out of any acts or omissions by Defendants in this state. Accordingly, the case should be dismissed. Alternatively, if the Court concludes that such a transfer, as opposed to dismissal, is in the interests of justice, this case should be transferred to the Northern District of Georgia pursuant to 28 U.S.C. § 1406(a) where NetBank, Inc. and NetBank were headquartered and where two cases based on the same core events as involved in this case are currently pending.[1]

---

[1] In addition, and as set forth in the contemporaneously filed Memorandum of Law in Support of Defendants' Motion, In Alternative To Their Motion To Dismiss, To Transfer This Case To The Northern District of Georgia Pursuant To 28 U.S.C. § 1404(a), transfer is also warranted under § 1404(a).

## II.   RELEVANT FACTUAL BACKGROUND

### A.   The Parties and Relevant Non-Party Entities[2]

Defendant Steven F. Herbert served as NetBank, Inc.'s Chief Executive Officer from October 5, 2006 through his voluntary resignation effective December 31, 2007. Compl., ¶ 10. Defendant James P. Gross has served as the Chief Financial Officer, Principal Financial Officer and Principal Accounting Officer of NetBank, Inc. since October 5, 2006. *Id.* ¶ 11.

Non-party NetBank, Inc. is an Alpharetta, Georgia-based financial holding company incorporated under the laws of the state of Georgia. *See* Declaration of James P. Gross, ¶ 3, copy attached as Ex. A to Declaration of Lisa Albert ("Albert Decl."). Prior to commencing a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Case")[3] on September 28, 2007, NetBank Inc., was engaged primarily in retail banking, mortgage banking, and business finance, through several wholly-owned subsidiaries, including non-party NetBank. Prior to September 28, 2007, NetBank was a federally chartered savings bank and a wholly-owned subsidiary of NetBank, Inc. with its headquarters in Alpharetta, Georgia. Compl., ¶ 1. On September 28, 2007, NetBank was closed by the OTS and the FDIC was named as NetBank's receiver. *Id.*

Plaintiff claims to be a resident of the state of New York and alleges that, on September 28, 2007, he had funds in excess of $100,000.00 on deposit with NetBank, FSB. *Id.* ¶ 9.[4]

---

[2]   Discussion of facts relating to Plaintiff's allegations is included in the contemporaneously filed Memorandum of Law in Support of Defendants' Motion to Dismiss (Failure to State a Claim Upon Which Relief Can Be Granted).

[3]   The Bankruptcy Case is pending before the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, Case No. 3-07-bk-04295-JAF.

[4]   Although Plaintiff claims to have had deposits exceeding $100,000.00 on September 28, 2007, the only purported documentation of this claim that Plaintiff has submitted is a purported renewal notice relating to a certificate of deposit in the amount of $12,932.74. *See* Compl., Ex. A.

2

### B. The Previously Filed Related Lawsuits

Months before Plaintiff filed his Complaint on December 4, 2007, two lawsuits relating to the same core events as Plaintiff's claims were filed in the United States District Court for the Northern District of Georgia, *Adcock v. NetBank, Inc., et al.,* 1:07-cv-2298 (BBM) and *Vahdat v. NetBank, Inc., et al.,* 1:07-cv-2631 (BBM). See Albert Decl. Exs. B & C.[5] The *Adcock* and *Vahdat* actions are pending before the same district judge and seek to assert claims for purported violations of the federal securities laws based on alleged false and misleading statements regarding NetBank's financial viability in NetBank, Inc.'s filings with the Securities and Exchange Commission ("SEC") and press releases during the period from May 1, 2006 through September 17, 2007. Defendant Herbert is also a defendant in the *Adcock* and *Vahdat* actions. *See* Albert Decl. Exs. B & C.

### III. ARGUMENT AND CITATION OF AUTHORITIES

#### A. The Complaint Should Be Dismissed For Lack Of Personal Jurisdiction

Where personal jurisdiction is challenged by a Rule 12(b)(2) motion prior to any discovery, dismissal is appropriate unless plaintiff's allegations are legally sufficient to make out a *prima facie* showing of jurisdiction. *Ball v. Metallurgie Hoboken-Overpelt, S.A.,* 902 F.2d 194, 197 (2d Cir. 1997)*; see also Jazini v. Nissan Motor Co.,* 148 F.3d 181, 184-86 (2d Cir. 1998).[6]

The personal jurisdiction analysis is two-fold:

> First, a determination must be made as to whether New York law provides a basis for exercising personal jurisdiction over the defendant. If jurisdiction is proper as a result of this analysis, a court must then determine whether the exercise of such jurisdiction would offend federal standards of due process.

---

[5] The Court may consider publicly available documents that are integral to Plaintiff's claims of fraud but are not attached to the Complaint, including press releases, SEC filings, and other public records, in adjudicating the instant motion. *See Roth v. Jennings,* 489 F.3d 499, 509 (2d Cir. 2007).

[6] Personal jurisdiction over a non-resident defendant is determined by the law of the jurisdiction in which a federal court sits. *Family Internet, Inc. v. Cybernex, Inc.,* No. 98 Civ. 0637(RWS), 1999 WL 796177, at *2 (S.D.N.Y. Oct. 6, 1999).

*Family Internet, Inc.,* 1999 WL 796177, at *2. Neither of N.Y.C.P.L.R §§ 301 or 302 -- the purported statutory bases for jurisdiction on which Plaintiff relies -- provides any basis for this Court to exercise personal jurisdiction over Defendants. Nor would this Court's exercise of personal jurisdiction satisfy applicable due process standards.

### 1. Defendants were not "doing business" in New York under § 301

Section 301 provides that "[a] court may exercise jurisdiction over person, property, or status as might have been exercised heretofore." N.Y.C.P.L.R. § 301. Under this general jurisdiction statute, the exercise of personal jurisdiction over a defendant is appropriate only where "the defendant is engaged in such a continuous and systematic course of 'doing business' here as to warrant a finding of [his] 'presence' in this jurisdiction." *Laufer v. Ostrow*, 434 N.E.2d 692, 694, 55 N.Y.2d 305, 309-10 (N.Y. 1982). The defendant must be doing business "not occasionally or casually, but with a fair measure of permanence and continuity." *Id.* at 310 (quotations omitted). Moreover, § 301 will not apply to subject an individual -- even an officer of a company that itself may be subject to personal jurisdiction in the forum -- to personal jurisdiction in New York unless that individual is "doing business" in New York in his individual capacity (*i.e.,* not as an employee/agent of the company). *Id.* at 313-14 (president of company was not subject to personal jurisdiction in New York in absence of showing that he was "doing business in our state individually"); *see also Family Internet,* 1999 WL 796177, at *3-4 (no jurisdiction over individual under § 301 where plaintiff failed to show activity conducted in New York in an individual capacity).

Here, Plaintiff does not allege that either Herbert or Gross was "doing business" on his own behalf in New York. Instead, Plaintiff contends that Defendants "conducted NetBank's banking business" in New York and "purposefully projected themselves into the state of New York to conduct NetBank's banking business." Compl., ¶ 1. This allegation, even if proven,

4

would not establish that Herbert or Gross did business in New York on his own behalf as § 301 requires. *See Laufer,* 434 N.E.2d at 697; 55 N.Y.2d at 313-14; *Family Internet,* 1999 WL 796177, at *3-4. Defendants are not subject to personal jurisdiction under § 301.

### 2. Defendants are not subject to jurisdiction under the long-arm statute

Plaintiff also contends that Defendants are subject to personal jurisdiction under New York's long-arm statute, N.Y.C.P.L.R § 302(a), which provides, in pertinent part:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary…who in person or through an agent:
>
> (1)   transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> (2)   commits a tortious act within the state…; or
>
> (3)   commits a tortious act without the state causing injury to person or property within the state…if he
>
>    (i)   regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
>    (ii)  expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

N.Y.C.P.L.R § 302(a). Significantly, § 302(a) provides a jurisdictional basis only as to claims "arising from" one of the enumerated acts. *Id.*

Neither of subsections 302(a)(2) or 302(a)(3) can supply a basis for exercising personal jurisdiction over Defendants. New York law is clear that § 302(a)(2) applies only if the defendant is physically present in New York while committing the alleged tort. *See Bensusan Rest. Corp. v. King,* 126 F.3d 25, 28 (2d Cir. 1997); *Family Internet, Inc.,* 1999 WL 796177, at *7. Here, Plaintiff has not alleged that Defendants were physically present in New York when they allegedly "operated NetBank in the absence of . . . proper and prudent banking practices," Compl., ¶ 14, or made allegedly false and misleading statements on behalf of NetBank, Inc., the

5

alleged conduct of which Plaintiff complains.  The management decisions and NetBank, Inc. statements that Plaintiff challenges presumably emanated from corporate headquarters in Alpharetta, Georgia, and are not alleged to have emanated from New York.  Accordingly, § 302(a)(2) does not apply to Plaintiff's claims in this action.  Nor may Plaintiff rely on § 302(a)(3) since Plaintiff does not (and cannot) allege that Herbert or Gross "(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce."  N.Y.C.P.L.R § 302(a)(3).

Plaintiff's allegations also fail to make a *prima facie* showing sufficient to warrant this Court's exercise of personal jurisdiction as to Defendants under § 302(a)(1).  Plaintiff does not allege that his claims arise from Defendants "transact[ing] any business" in New York.  Again, the alleged conduct of which Plaintiff complains in this case -- alleged negligent conduct of banking operations and alleged false and misleading statements issued on behalf of NetBank, Inc. -- is not alleged to have been committed by Defendants in New York.  Although Plaintiff makes the cryptic allegation that Herbert and Gross made "presentations to securities analysts located in New York," Compl., ¶¶ 2, 3, it is unclear from these allegations whether Defendants (or the securities analysts themselves) were "located in New York" for the alleged "presentations."  Moreover, Plaintiff's allegations do not support a *prima facie* conclusion that any such alleged presentations themselves amount to "transact[ing] any business" in New York for purposes of § 302(a)(1).  Finally, Plaintiff does not allege that the "presentations" were among the allegedly false and misleading statements upon which Plaintiff claims to have relied

6

in retaining deposits above the insured limits with NetBank.  Accordingly, Plaintiff's claims do not "aris[e] from" these presentations, and they cannot suffice to establish specific jurisdiction.[7]

### 3. Defendants are not subject to jurisdiction under an agency theory

Unable to allege a direct jurisdictional basis as to either Defendant, Plaintiff might ask the Court to exercise personal jurisdiction over Herbert and Gross under an "agency theory" based on NetBank's alleged New York contacts incidental to its provision of internet banking services throughout the United States.  *See, e.g.,* Compl., ¶ 1 (alleging that Defendants "conducted NetBank's banking business in the state of New York").  In order to support an agency theory here, Plaintiff would have had to plead a *prima facie* showing that its claims arise out of NetBank's activities in New York undertaken for the personal benefit of Herbert and Gross and under Herbert's and Gross's control and direction.  *See Kreutter v. McFadden Oil Corp.*, 522 N.E.2d 40, 44, 71 N.Y.2d 460, 467 (N.Y. 1988) (plaintiff must show corporate acts undertaken "for the benefit of and with the knowledge and consent of" defendant for agency jurisdiction); *Family Internet,* 1999 WL 796177, at *9 (no agency jurisdiction as to individual where "benefit" requirement not satisfied); *c.f. Ivy Mar Co. v. C.R. Seasons, Ltd.,* No. 95-CV-0508(FB), 1997 WL 37082, at *6 (E.D.N.Y. Jan. 24, 1997) (same).  Here, Plaintiff has not alleged that NetBank's alleged activities in New York -- soliciting and receiving deposits from New York residents (and U.S. residents generally) via the internet -- were undertaken for the personal benefit of Herbert or Gross, executives of the parent company that owned NetBank.  Nor could Plaintiff so allege in good faith.  In the absence of a credible showing of such benefit, there is no basis for this Court to exercise personal jurisdiction as to Defendants under an "agency" theory.  *See Family Internet,* 1999 WL 796177, at *9.

---

[7] For the same reasons, Plaintiff's allegations that Defendants "were responsible for making filings in New York with NASDAQ" do not suffice to make a *prima facie* showing of personal jurisdiction under § 302(a)(1).

7

### 4. Exercise of personal jurisdiction as to Defendants would not comport with federal standards of due process

Because Plaintiff's allegations do not make a *prima facie* showing that this Court's exercise of personal jurisdiction over Defendants is warranted under New York law, the Court may dismiss this action without needing to address applicable federal standards of due process. In the event, however, that the Court concludes that Plaintiff's allegations suffice to make a *prima facie* showing permitting the exercise of personal jurisdiction over Defendants under New York law, any such exercise of personal jurisdiction would be barred by due process considerations.

Federal standards of due process require that a defendant have minimum contacts with the forum state such that the maintenance of the action does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S. Ct. 339, 344 (1940)). General jurisdiction requires "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 415, 104 S. Ct. 1868, 1872 (1984). The contacts necessary to support specific jurisdiction are satisfied "[w]hen a controversy is related to or arises out of a defendant's contacts with the forum." *Id.* at 414. In either event, the defendant's activity in the state should be such that it would be fair and reasonable to require him to defend himself in that state. *Kulko v. Superior Court*, 436 U.S. 84, 92, 98 S. Ct. 1690, 1697 (1978).

Here, Plaintiff asks the Court to exercise personal jurisdiction over two non-resident individual defendants to adjudicate claims challenging (1) the adequacy of Defendants' management of a Georgia-based company, and (2) certain public statements allegedly made by Defendants on the Georgia company's behalf. Plaintiff has not alleged that Defendants have

committed any act in New York that gives rise to any claim asserted in this action. Nor does Plaintiff allege that Defendants themselves have engaged in systematic and continuous conduct in the state of New York. In short, Plaintiff has not alleged (nor can it) any basis on which it would be fair and reasonable to require Defendants to defend claims before this Court. Accordingly, the action should be dismissed for lack of personal jurisdiction.

### B. This Case Should Be Dismissed For Improper Venue

In addition, the Southern District of New York is an improper venue for this action. In this diversity case, venue is proper only (1) where any defendant resides, if all defendants reside in the same state; (2) where "a substantial part of the events or omissions giving rise to the claim occurred"; or (3) where "any defendant is subject to personal jurisdiction at the time the action was commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). Here, neither Herbert nor Gross resides in the Southern District of New York; rather, they both reside in Columbia, South Carolina. *See* Albert Decl. Ex. A, ¶ 4; Albert Decl. Ex. D, ¶ 3. And, as described in detail above, neither defendant is subject to personal jurisdiction in this district. Accordingly, venue is inappropriate in this district under 28 U.S.C. § 1391(a)(1) or (3). Venue is also inappropriate in this district pursuant to 28 U.S.C. § 1391(a)(2) because "a substantial part of the events or omissions giving rise to the claim" did not occur in this district. *See Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 434 (2d Cir. 2005) ("When material acts or omissions within the forum bear a close nexus to the claims, they are properly deemed 'significant' and, thus, substantial . . . .").

As discussed above, the alleged management activity challenged in the Complaint was not conducted in this district and the alleged public statements claimed to have worked fraud or deceit on Plaintiff were not alleged to have been made in this district. Thus, venue is not appropriate here. *See Daniel*, 428 F.3d 408, 434 (concluding that venue for claims challenging

9

corporate decisions were appropriate where decisions were made, *i.e.*, venue of corporation's headquarters). It is not enough that Plaintiff claims to have been injured within this district or that he received allegedly inaccurate representations here. *Id.* at 434 ("a substantial part of the events or omissions giving rise to the claim" did not occur where the plaintiffs received allegedly communications from defendant). This case should be dismissed as venue is not proper here.

At the very least, and only if the Court concludes that the interests of justice require a transfer, as opposed to dismissal of this action, this case should be transferred to the United States District Court for the Northern District of Georgia. Venue is proper in the Northern District of Georgia, where NetBank, Inc. and NetBank were headquartered, where the public statements and management activity that Plaintiff challenges presumably emanated, and where two cases based on the same core events as involved in this case are currently pending.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint for lack of personal jurisdiction and improper venue, or, in the alternative, transfer this case to the United States District Court for the Northern District of Georgia.

Dated: February 11, 2008.

Respectfully submitted,

*s/ Lisa Albert*
Lisa Albert (LA-7264)
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone: 212-556-2100
Fax: 212-556-2222

and

Michael R. Smith *(admitted pro hac vice)*
Benjamin Lee *(admitted pro hac vice)*
KING & SPALDING LLP

10

1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: 404-572-4600
Fax:  404-572-5100

*Attorneys for Defendants Steven F. Herbert
and James P. Gross*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that, this day, a true and correct copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS (LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE) was served by filing in the Court's CM/ECF system, which will automatically send email notification of such filing to the following counsel of record:

Kenneth A. Elan                                          *elanfirm@yahoo.com*
Kenneth A. Elan, Esq
217 Broadway
New York, NY 10007

Deborah R. Gross                                  *debbie@bernardmgross.com*
Law Offices of Bernard M. Gross, P.C.
Wanamaker Building
100 Penn Square East
Suite 450
Philadelphia, PA 19107


DATED: February 11, 2008.

                                                                  *s/ Lisa Albert*
                                                                  Lisa Albert (LA-7264)