IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF NEW YORK


MATTHEW TOTILO, individually and on  :
behalf of himself and all others similarly   :
situated,                                  :       Case No. 07-cv-10991-LAK
             Plaintiff       :
v.                                 :
STEVEN F. HERBERT and        :
JAMES P. GROSS,            :
           Defendants.     :


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION,
IN ALTERNATIVE TO THEIR MOTION TO DISMISS, TO TRANSFER THIS CASE
TO THE NORTHERN DISTRICT OF GEORGIA PURSUANT TO 28 U.S.C. § 1404(a)**

**KING & SPALDING LLP**
Lisa Albert (LA-7264)
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone:  212-556-2100
Fax:  212-556-2222

and

**KING & SPALDING LLP**
Michael R. Smith *(admitted pro hac vice)*
Benjamin Lee *(admitted pro hac vice)*
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: 404-572-4600
Fax:  404-572-5100

*Attorneys for Defendants Steven F. Herbert
and James P. Gross*

Defendants Steven F. Herbert and James P. Gross ("Defendants") file this Memorandum of Law in support of their Motion, in the alternative to their Motion to Dismiss, to transfer this case to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a).

## INTRODUCTION

If this Court concludes that dismissal pursuant to Rules 12(b)(2), (3) or (6) of the Federal Rules of Civil Procedure is inappropriate, that it can exercise personal jurisdiction over Defendants, and that venue in this Court is technically proper, in the alternative, this case should be transferred to the Northern District of Georgia for the convenience of the parties and witnesses and in the interests of justice. The Northern District of Georgia has by far a stronger connection to the claims Plaintiff seeks to pursue than does this district. As described in detail in Defendants' Memorandum of Law in Support of Defendants' Motion To Dismiss for Lack of Personal Jurisdiction and for Improper Venue, Plaintiff's claims relate to statements emanating from and activity occurring at NetBank, Inc. and its subsidiary NetBank FSB ("NetBank"), both of which were headquartered within the Northern District of Georgia. Moreover, there are two prior pending actions currently pending in the Northern District of Georgia, and it would promote judicial economy for this case to be consolidated with those actions. This district has virtually no connection to this action, and Defendants, individuals who reside far outside this district, should not be forced to litigate in this inconvenient forum.

## ARGUMENT AND CITATION OF AUTHORITIES[1]

If this case is not dismissed on the grounds that personal jurisdiction as to Defendants is lacking or that venue is improper, the Court should transfer the case to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a). The purposes of § 1404(a) are to "prevent[ ] the waste of time, energy, and money and…[to] protect[ ] litigants, witnesses, and the public against unnecessary inconvenience and expense." *Glass v. S&M NuTec, LLC*, 456 F. Supp. 2d 498, 501 (S.D.N.Y. 2006) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 809 (1964)). Those purposes will be advanced by a transfer of this case to the Northern District of Georgia.

Determining whether to transfer pursuant to § 1404(a) is a two-step process. First, the Court must determine whether the case could have been brought in the proposed transferee district. *Glass*, 456 F. Supp. 2d at 501. Second, the Court must determine whether transfer is appropriate by examining the following factors: (1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Glass*, 456 F. Supp. 2d at 501. It is well-settled that "motions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case

---

[1] Defendants incorporate the factual background discussion set forth in their contemporaneously filed Memorandum of Law in Support of Defendants' Motion To Dismiss (Lack of Personal Jurisdiction and Improper Venue) and Memorandum of Law in Support of Defendants' Motion To Dismiss (Failure to State a Claim Upon Which Relief Can Be Granted).

basis." *In re Cuyahoga Equip. Corp.,* 980 F.2d 110, 117 (2d Cir. 1992) (citing *Stewart Org., Inc.*

*v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 2244 (1988)).

## I.    THIS ACTION COULD HAVE BEEN BROUGHT IN THE NORTHERN DISTRICT OF GEORGIA

It is indisputable that Plaintiff's action could have been brought in the Northern District

of Georgia.    Plaintiff's claims challenge managerial activity relating to two companies

headquartered in that district and allege false or misleading statements purportedly made by

Defendants in their capacities as executives of one of the companies.    Substantially all of the

alleged conduct on which Plaintiff's claims are based took place in the Northern District of

Georgia and, unlike this district, the Defendants would be subject to personal jurisdiction there.

## II.    TRANSFER WOULD PROMOTE EFFICIENCY AND THE INTERESTS OF JUSTICE AND WOULD PROTECT THE PARTIES AND WITNESSES FROM INCONVENIENCE AND UNDUE EXPENSE

### A.    Interests of Justice and Judicial Economy Favor Transfer to the Northern District of Georgia Where this Case Can Be Consolidated with Previously Filed Related Cases and Where Court Calendars Are Less Congested

Transfer is particularly appropriate here because two previously filed, related actions

involving claims arising from many of the same facts on which Plaintiff's claims in this case are

based are currently pending in the Northern District of Georgia, *Adcock v. NetBank, Inc., et al.,*

1:07-cv-2298 (BBM) and *Vahdat v. NetBank, Inc., et al.,* 1:07-cv-2631 (BBM), were filed in the

Northern District of Georgia.    *See* Albert Decl. Exs. A & B.    As the Court of Appeals for the

Second Circuit has held:

> There is a strong policy favoring the litigation of related claims in
> the same tribunal in order that pretrial discovery can be conducted
> more efficiently, duplicitous litigation can be avoided, thereby
> saving time and expense for both parties and witnesses, and
> inconsistent results can be avoided.

*Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 619 (2d Cir. 1968).    Courts in this district have

placed considerable emphasis on the existence of related actions in another tribunal as grounds

for transfer. *See Goggins v. Alliance Capital Mgmt., L.P.*, 279 F. Supp. 2d 228, 234 (S.D.N.Y. 2003) (existence of related actions in another tribunal was "[t]he single most significant circumstance favoring transfer [of] [the] action"); *Berman v. Informix Corp.*, 30 F. Supp. 2d 653, 660 (S.D.N.Y. 1998) ("[O]ne of the most important factors considered by courts in evaluating a motion to transfer is the existence of similar litigation in the transferee district."); *see also Matra Et Manurhin v. Int'l Armament Co.,* 628 F. Supp. 1532, 1535 (S.D.N.Y. 1986) (transferring action where transferee district would be more convenient for both parties and witnesses and there was action pending in that district involving same issues and litigants).

Here, the related actions both were filed before this case and are pending before the same Judge in the Northern District of Georgia. Further, like this case, the *Adcock* and *Vahdat* actions challenge public statements by and on behalf of NetBank, Inc. and certain of its former executives (including Defendant Herbert, who is a defendant in both the Georgia actions and in this case) concerning NetBank's financial condition and operations. There is substantial overlap in the factual allegations and legal issues presented in this case and those presented in the *Adcock* and *Vahdat* actions, and transfer of this case to the Northern District of Georgia, where discovery on the closely related factual allegations can be coordinated with the previously filed securities cases, would serve this Circuit's "strong policy" favoring efficient litigation of related claims. *Wyndham Assocs.*, 398 F.2d at 619.

In addition, the relative docket congestion in this district versus the less-crowded Northern District of Georgia militates in favor of transfer. *Berman*, 30 F. Supp. 2d at 660; *see also In re E. Dist. Repetitive Stress Injury Litig.,* 850 F. Supp. 188, 196 (E.D.N.Y. 1994) (finding that "congestion of this court's docket also dictates transfer" where "total [number of] cases per judge" in transferee district were lower than in Eastern District of New York). This district's

4

docket is more than twice as crowded as the Northern District of Georgia according to the latest published judicial caseload figures. *Compare* Southern District of New York Judicial Caseload Profile, *available at* http://www.uscourts.gov/cgi-bin/cmsd2006.pl, attached as Albert Decl. Ex. O; with Northern District of Georgia Judicial Caseload Profile, *available at* http://www.uscourts.gov/cgi-bin/cmsd2006.pl, attached as Albert Decl. Ex. P.  As of September 30, 2006, each judge in this district had 716 pending cases.  Albert Decl. Ex. O.  In the Northern District of Georgia, the number of cases pending per judge was 325.  Albert Decl. Ex. P.  Thus, the relative congestion of dockets also favors transfer. *Berman*, 30 F. Supp. 2d at 660; *E. Dist. Repetitive Stress Injury Litig.,* 850 F. Supp. at 196.

**B.    The Northern District of Georgia Is the Locus of the Operative Facts out of Which Plaintiff's Claims Arise**

The alleged acts and omissions on which Plaintiff's claims are based are centered in the Northern District of Georgia, an additional reason to transfer the case. *See Goggins,* 279 F. Supp. 2d at 233 ("The location of the operative events is a primary factor in determining a § 1404(a) motion to transfer.").    Plaintiff's claims are based on alleged negligent mismanagement of Alpharetta, Georgia-based NetBank and certain public statements that were included in press releases and SEC filings that Plaintiff contends were false and misleading. Plaintiff's allegations are thus decidedly centered in the Northern District of Georgia, and the locus of the operative facts underlying Plaintiff's claims thus also weighs heavily in favor of transfer. *APA Excelsior III L.P. v. Premiere Techs., Inc.,* 49 F. Supp. 2d 664, 672-73 (S.D.N.Y. 1999) (transferring case to Northern District of Georgia where plaintiff's claims were based "largely on statement issued by Defendants in the January Prospectus and other press releases . . . these claims may be understood to have arisen, to some extent in Atlanta, where [corporate Defendant's] headquarters is located and the documents were prepared") (internal citation

omitted); *Aetna, Inc. v. Medtest Express, Inc.,* No. 01-CV-4398 (ILG), 2001 WL 1776155, at *3 (E.D.N.Y. Nov. 30, 2001) (finding that operative facts analysis "militate[d] strongly in favor of transfer" of insurance fraud case from the Eastern District of New York to Northern District of Georgia where "defendants maintained their businesses and developed their allegedly fraudulent business scheme in Georgia, and the insurance bills were prepared and mailed from Georgia to the plaintiffs"); *see also Berman*, 30 F. Supp. 2d at 658 ("Courts routinely transfer cases when the principal events occurred and the principal witnesses are located in another district.").

C.    **Access to Sources of Proof, Including Witnesses and Documents Will Be Greater in the Northern District of Georgia**

Because Plaintiff's claims in this lawsuit arise out of statements made and conduct occurring in the Northern District of Georgia, access to sources of proof, including relevant documents and witnesses, will be considerably greater in the Northern District of Georgia than in this district. Defendants now reside in Columbia, South Carolina, just a short distance away from Atlanta. *See* Albert Decl. Ex. A ¶ 4; Albert Decl. Ex. D ¶ 3. Moreover, access to other witnesses with relevant knowledge of events at Alpharetta-based NetBank and NetBank, Inc. and the public statements challenged in the Complaint will be far greater in the Northern District of Georgia than in this district, which is far-removed geographically from the primary events out of which this case arises. This weighs heavily in favor of transfer. *See Berman*, 30 F. Supp. 2d at 657 ("Convenience of both the party and non-party witnesses is probably the single-most important factor in the analysis of whether transfer should be granted."). Furthermore, key witnesses will be more readily amenable to service of process if needed in the Northern District of Georgia, where the underlying events transpired, than in the Southern District of New York. Indeed, Plaintiff's counsel conceded at a status conference held before the Court on January 18, 2008, that counsel are aware of no key NetBank witnesses who would be amenable to service of

process in New York, which strongly militates in favor of transfer. *Id.* at 658 ("The fact that . . . key witnesses may not be compelled to testify in a New York action is an important factor weighing in favor of transfer.").

In addition, efficiencies concerning relevant documents weigh in favor of a transfer of this case to the Northern District of Georgia. *Id.* Defendants are not aware of any significant volume of relevant documents present in the Southern District of New York. Moreover, document discovery in this case is likely to overlap substantially with discovery in the related, prior-filed securities class actions that are pending in the Northern District of Georgia given the focus in both cases on allegedly false public statements regarding the financial condition of the bank. If this case is not transferred, important efficiencies to be gained by coordinating document production and management efforts in that substantially related litigation with document discovery in this case will be lost.

### D.    The Convenience of the Parties Favors Transfer

The convenience of the parties also favors transfer to the Northern District of Georgia, where Defendant Herbert is already a party to the related securities actions. While this district might be more convenient for the Plaintiff, it is not necessarily any more convenient than the Northern District of Georgia for the class of depositors Plaintiff seeks to represent, which potentially includes depositors in all 50 states. Compl., ¶ 1. Plaintiff's preference to litigate its claims in this district should be given "little weight" in this putative class action potentially "involving plaintiffs who are scattered throughout the country." *Glass*, 456 F. Supp. 2d at 504.

### CONCLUSION

For the foregoing reasons, and only if the Court declines to grant Defendants' Motion to Dismiss, Defendants request that the Court transfer this action to the United States District Court for the Northern District of Georgia.

Dated:  February 11, 2008.

Respectfully submitted,


*s/ Lisa Albert*

Lisa Albert (LA-7264)
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone:  212-556-2100
Fax:  212-556-2222

and

Michael R. Smith *(admitted pro hac vice)*
Benjamin Lee *(admitted pro hac vice)*
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: 404-572-4600
Fax:  404-572-5100

*Attorneys for Defendants Steven F. Herbert
and James P. Gross*

**CERTIFICATE OF SERVICE**

        The undersigned hereby certifies that, this day, a true and correct copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION, IN ALTERNATIVE TO ITS MOTION TO DISMISS, TO TRANSFER THIS CASE TO THE NORTHERN DISTRICT OF GEORGIA PURSUANT TO 28 U.S.C. § 1404(a) was served by filing in the Court's CM/ECF system, which will automatically send email notification of such filing to the following counsel of record:

Kenneth A. Elan                                   *elanfirm@yahoo.com*
Kenneth A. Elan, Esq
217 Broadway
New York, NY 10007

Deborah R. Gross                           *debbie@bernardmgross.com*
Law Offices of Bernard M. Gross, P.C.
Wanamaker Building
100 Penn Square East
Suite 450
Philadelphia, PA 19107

DATED:  February 11, 2008.

                                        *s/ Lisa Albert*
                                        Lisa Albert (LA-7264)