UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MATTHEW TOTILO,

        Plaintiff,

    -against-                                 07 Civ. 10991 (LAK)

STEVEN F. HERBERT, et ano.,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OPINION**

Appearances:

    Kenneth Elan

    Deborah R. Gross
    Robert P. Frutkin
    LAW OFFICES OF BERNARD M. GROSS, P.C.
    *Attorneys for Plaintiff*

    Lisa Albert
    Michael R. Smith
    Benjamin Lee
    KING & SPALDING LLP
    *Attorneys for Defendants*

LEWIS A. KAPLAN, *District Judge.*

        Plaintiff, a depositor at NetBank, FSB ("NetBank"), a so-called Internet bank that was taken over by the Office of Thrift Supervision, brings this purported class action against two former executive officers of NetBank for fraud, negligent misrepresentation, negligence, and violation of New York General Business Law § 349. Jurisdiction is premised on diversity. Defendants move to dismiss

2

the complaint for failure to state a claim, lack of personal jurisdiction, and improper venue and, in the alternative, to transfer the action to the Northern District of Georgia pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). It proves necessary to discuss only the Section 1404(a) motion.

Section 1404(a) permits the transfer of any action to another district in which it might have been brought if such a transfer would serve the convenience of the parties and witnesses and be in the interest of justice. The initial question therefore is whether the action might have been brought in the proposed transferee district. If so, the Court must consider the convenience and interest of justice factors.

The defendants were among its principal executive officers of NetBank, and they are sued here for their alleged actions or omissions in the management the bank. NetBank at all relevant times had its headquarters and principal place of business in Alpharetta, Georgia. The Court takes judicial notice of the fact that Alpharetta, Georgia, is located in Fulton County, which is in the Atlanta Division of the Northern District of Georgia.[1] As a substantial part of the events or omissions giving rise to the claim occurred there, venue properly could have been laid in that district.[2] And while the defendants apparently no longer reside in Georgia, they would be subject to personal jurisdiction there in this case under the Georgia long arm statute, which permits the exercise of jurisdiction over non-residents with respect to claims arising out of the transaction of business or the commission of tortious acts or omissions in Georgia.[3] Indeed, the Georgia long arm statute extends to the full limits of the

---

[1] 28 U.S.C. § 90(a)(2).

[2] Id. § 1391(b)(2).

[3] GA. CODE ANN. § 9-10-91; *Pinson v. Rumsfeld*, 192 Fed. Appx. 811 (11th Cir. 2006).

3

Due Process Clause,[4] which plainly would not be offended by subjecting these defendants to *in personam* jurisdiction in the state in which they allegedly ran NetBank and committed the wrongs alleged in this complaint. Accordingly, this action might have been brought in the Northern District of Georgia.

Under Section 1404(a), a district court may transfer an action to any other district in which the action might have been brought if the transfer would be in the interest of justice and serve the convenience of parties and witnesses. "In considering whether a transfer would be for the convenience of the parties and witnesses and in the interest of justice, '[t]he plaintiff's choice of forum is entitled to substantial weight and will not be disturbed lightly.'"[5] Where, however, the plaintiff sues on behalf of a putative class, the degree of deference accorded its choice is diminished.[6] Whatever the degree of deference, considerations pertinent to assessing the balance of convenience "include (1) the convenience to the parties, (2) the convenience to the witnesses, (3) the relative ease of access to sources of proof, (4) the availability of process to compel the attendance of unwilling witnesses, (5) the cost of obtaining willing witnesses, (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively, and (7) the interests of justice."[7]

Here, plaintiff was merely one of many depositors of NetBank, all of whom (to the

---

[4] *McGow v. McCurry*, 412 F.3d 1207, 1214 (11th Cir. 2005).

[5] *Schechter v. Tauck Tours, Inc.*, 17 F. Supp.2d 255, 260 (S.D.N.Y. 1998) (quoting *Thunder Island, Inc. v. A.G. Sport, Inc.*, No. 97 Civ. 4136(LAK), 1997 WL 599414, at *1 (S.D.N.Y. Sept. 26, 1997)).

[6] *E.g., Warrick v. Gen. Elec. Co.*, 70 F.3d 736, 741 n.7 (2d Cir. 1997).

[7] *Schechter*, 17 F. Supp.2d at 260 (citing *Karriem v. Amer. Kennel Club*, 949 F. Supp. 220, 221 (S.D.N.Y. 1996)).

4

extent their deposits exceeded federal deposit insurance) were injured by the bank's failure in an identical way. He has no special connection to the events in question. The degree of deference warranted for his choice of forum therefore is less than would be the case in other circumstances.

While plaintiff no doubt would find litigation in Atlanta less convenient than litigation here, it is perfectly plain on this record that the inconvenience to the defendants and non-party witnesses, all or most of whom are far closer to Atlanta than to New York, would dwarf any inconvenience suffered by plaintiff in consequence of litigation in Georgia. The Northern District would have readier access to sources of proof than would this Court. In short, all of the practical problems that attend the handling of litigation would be considerably reduced by litigation in Georgia, where the events occurred. Moreover, it bears mention that there are related cases already before the Northern District.

Accordingly, defendants' alternative motion to transfer the action to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a) [docket item 16] is granted in all respects. The Court expresses no opinion with respect to the other pending motions.

SO ORDERED.

Dated:        March 5, 2008

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)