UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MATTHEW TOTILO,

                Plaintiff,

      -against-                          07 Civ. 10991 (LAK)

STEVEN F. HERBERT, et ano.,

                Defendants.
------------------------------------------------------------x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        The memorandum opinion dated March 5, 2008 is corrected by substituting the attached page 2 for the original.

        SO ORDERED.

Dated:     April 10, 2008

                                                Lewis A. Kaplan
                                               United States District Judge

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/10/08

2

the complaint for failure to state a claim, lack of personal jurisdiction, and improper venue and, in the alternative, to transfer the action to the Northern District of Georgia pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). It proves necessary to discuss only the Section 1404(a) motion.

Section 1404(a) permits the transfer of any action to another district in which it might have been brought if such a transfer would serve the convenience of the parties and witnesses and be in the interest of justice. The initial question therefore is whether the action might have been brought in the proposed transferee district. If so, the Court must consider the convenience and interest of justice factors.

The defendants were among the principal executive officers of NetBank, and they are sued here for their alleged actions or omissions in the management the bank. NetBank at all relevant times had its headquarters and principal place of business in Alpharetta, Georgia. The Court takes judicial notice of the fact that Alpharetta, Georgia, is located in Fulton County, which is in the Atlanta Division of the Northern District of Georgia.[1] As a substantial part of the events or omissions giving rise to the claim occurred there, venue properly could have been laid in that district.[2] And while the defendants apparently no longer reside in Georgia, they would be subject to personal jurisdiction there in this case under the Georgia long arm statute, which permits the exercise of jurisdiction over non-residents with respect to claims arising out of the transaction of business or the commission of tortious acts or omissions in Georgia.[3] Indeed, the Georgia long arm statute extends to the full limits of the

---

[1] 28 U.S.C. § 90(a)(2).

[2] *Id.* § 1391(b)(2).

[3] GA. CODE ANN. § 9-10-91; *Pinson v. Rumsfeld*, 192 Fed. Appx. 811 (11th Cir. 2006).